United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT FLORES-TORRES, | No. C 08-01037 WHA |
| Petitioner, | No. C 09-03569 WHA |
| v. | |
| MICHAEL MUKASEY, United States Attorney Generaly, MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, NANCY ALCANTAR, Immigration and Customs Enforcement Detention and Removal Operations Field Office Director, and EDWARD FLORES, Chief of Corrections of Santa Clara County Jail, | **ORDER CONSOLIDATING ACTIONS AND SETTING CMC** |
| Respondents. | |

Petitioner Herbert Flores-Torres filed a petition for habeas corpus in which he challenges his confinement by Immigration and Customs Enforcement during the pendency of his removal proceedings. Case No. 08-1037. He claims to be a United States citizen. He argues in his removal proceedings that he cannot be removed because he is actually a United States citizen. In his habeas petition he contends that ICE has no authority to detain him prior to the resolution of his removal proceedings (and citizenship claim) because the immigration laws do not permit immigration authorities to detain United States citizens nor, in his view, those with non-frivolous claims to citizenship.

A prior order denied the habeas petition, but the Ninth Circuit reversed. During the pendency of the appeal, however, the immigration judge had decided and rejected petitioner's citizenship claim, and the BIA issued a final order of removal. In July 2009, therefore, the Court herein issued a tentative order denying the habeas petition on preclusion and mootness grounds and invited briefing from both sides thereon.

1   In the course of so doing, however, the Ninth Circuit transferred petitioner's removal
2 proceedings (which were before the Ninth Circuit on a petition for review of the BIA's
3 decision) to the undersigned to address the issue of petitioner's citizenship.  The immigration
4 laws allow for such transfers where a citizenship claim before an appellate court presents
5 genuine issues of material fact:

6 > (5) Treatment of nationality claims

7 > (A) Court determination if no issue of fact

8 > If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

> (B) Transfer if issue of fact

> *If* the petitioner claims to be a national of the United States and *the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court* of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.

16 8 U.S.C. 1252(b)(5) (emphasis added).

17   The Ninth Circuit found that the issue of petitioner's nationality poses genuine issues of
18 material fact.  As explained in the tentative order, petitioner's citizenship claim is likely to
19 hinge in large part on issues foreign law — specifically, whether paternity had been established
20 by legitimation under El Salvadorian law (Case No. 08-1037, Dkt. No. 35).

21   The habeas petition and the removal proceedings both hinge on petitioner's citizenship
22 claim.  The two matters, therefore, are hereby consolidated.  A case management conference
23 will be held on **THURSDAY, SEPTEMBER 24, 2009, AT 11:00 A.M**.  The parties should file a joint
24 case management conference statement seven days prior to the hearing.

26   **IT IS SO ORDERED.**

27 Dated: August 31, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2